**UNITED STATES, Appellee,**

v.

**Private First Class Jackie E. ROBERTSON, 266–45–1428, United States Army, Appellant.**

**CM 447939.**

U.S. Army Court of Military Review.

25 March 1986.

---

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Appellant was sentenced, *inter alia*, to confinement for four years and six months. Pursuant to the terms of a pretrial agreement, the convening authority approved appellant's sentence but suspended the execution of that portion of the sentence adjudging confinement in excess of 36 months. The period of suspension directed by the convening authority was three years.

 Pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1108(d) [hereinafter cited as R.C.M.], the Secretary of the Army has limited periods of suspension of the execution of a court-martial sentence to no longer than two years. *See* para. 5–29, Army Regulation 27–10. We hold that this was a valid exercise of the President's power to prescribe maximum limits for court-martial punishments. *See* Articles 18–20, Uniform Code of Military Justice, 10 U.S.C. §§ 818–820 (1982) [hereinafter cited as UCMJ]. Appellant suggests that the appropriate remedy in this case is for this court to order a new review and action. We agree with the government that this court can take corrective action at this level without returning the case to the convening authority for further action. *See United States v. Darville,* 5 M.J. 1 (C.M.A.1978); *United States v. Glaze,* 46 C.M.R. 230 (C.M.A. 1973); *United States v. Estill,* 26 C.M.R. 238 (C.M.A.1958). *See also* Article 66(c), 10 U.S.C. § 866(c), UCMJ; R.C.M. 1203(b).

We have considered the remaining assignments of error and find them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed, but that portion of the sentence adjudging confinement in excess of 36 months is suspended for two years at which time, unless sooner vacated, the suspended portion of the sentence will be remitted without further action.

Senior Judge WOLD and Judge FELDER concur.